**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JASON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO.  02-1177-GPM |
| | ) |
| DONALD N. SNYDER, JR., et al., | ) |
| | ) |
| Defendants. | ) |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

The Court previously dismissed this action pursuant to 28 U.S.C. § 1915A, finding that Plaintiff's claims were legally frivolous.  On appeal, the Seventh Circuit disagreed with part of this Court's ruling, finding that Plaintiff presented three meritorious grounds for appeal.  First, the Circuit found that the Court overlooked Plaintiff's claim that Defendants retaliated against him for filing grievances.  Second, the Circuit found that the Court applied a summary judgment standard when evaluating Plaintiff's religious freedom claims.  Finally, the Circuit found that the Court erred in dismissing Plaintiff's claims against administrative officials.  *See Williams v. Snyder*, 150 Fed.Appx. 549 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1434 (2006).

> [W]e AFFIRM the district court's denial of Williams's claims concerning equal protection, access to courts, due process, and the Eighth Amendment, and REVERSE and REMAND the rulings on his retaliation and Free Exercise/RLUIPA claims.  We express no opinion on the ultimate merits of the case; we hold simply that Williams's complaint is adequate to avoid dismissal at the preliminary screening stage.

*Id.* at 552-53.

The factual allegations in the complaint were summarized by the Seventh Circuit as the following:

> Williams is a Rastafarian and wears his hair in dreadlocks in observance of a tenet of his faith that forbids him to cut or comb his hair. *See Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988) (summarizing principal doctrines of Rastafarianism). According to Williams, he first experienced conflict with prison authorities over his hairstyle after he was "harassed" by two correctional officers who called him "pinhead" and "jungle bunny." Williams filed grievances against the officers, demanding that they be made to respect his "person" and his "religion." Shortly afterwards, he was informed that if he did not "remove" his dreadlocks, he would be placed in disciplinary segregation. He claims that a report was then "falsified" against him, and he was sent to segregation where, we understand, he remains.
>
> Thereafter, prison officials demanded that Williams "remove" his dreadlocks or request a haircut as a condition of leaving his cell. At first, he was not allowed to go to the showers at all; later, correctional officers permitted him to go, but wrote up a disciplinary report each time he did so without complying with the hairstyle policy. Williams then stopped showering because the reports were costing him good-time credits. He was also "denied" yard exercise and passes to visit the medical center for non-emergency ailments; he was not permitted to appear in person before the Adjustment Committee that handled his frequent disciplinary reports; and he was prevented from making phone calls to his lawyer regarding unidentified "post-conviction" proceedings.

*Williams*, 150 Fed.Appx. at 550-51. The Court will now supplement this summation where necessary to identify the appropriate Defendants for each claim that the Circuit deemed "adequate to avoid dismissal at the preliminary screening stage."

## RETALIATION

Plaintiff alleged that Summers and Meyers harassed him about his hair, and he filed a grievance over this harassment. When Plaintiff refused to comply with requests to cut his hair, Pickering and Maue ordered Jines to put Plaintiff in segregation. Jines then falsified a disciplinary

report against him, and Gayles found him guilty of these false charges.  The Circuit stated:

> Williams first renews his argument that he stated a claim for retaliation by alleging that he was placed in segregation because he filed grievances against the two correctional officers who called him names.  A plaintiff must plead three elements in order to state a claim for retaliation: he must "specif[y] a retaliatory action"; he must name the appropriate defendants; and he must "assert[ ] a constitutionally protected activity, the exercise of which caused the … retaliatory action."  *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).  Williams met this standard:  he identified the filing of false reports and his placement in segregation as the retaliatory action; he specified the relevant defendants; and he invoked his constitutional right to use the prison grievance procedures. *See id.*; *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("prisoner can sufficiently state a claim for relief when he alleges that prison officials issued baseless disciplinary tickets against him in retaliation for pursuit of administrative grievances").

*Williams*, 150 Fed.Appx. at 551.

Based on the Seventh Circuit's reading of the complaint, the Court finds that the "relevant defendants" on this claim of retaliation are Summers, Meyers, Pickering, Maue, Jines, and Gayles.

### FREE EXERCISE/RLUIPA

> Williams's next significant argument is that the prison's policy regarding dreadlocks violated his right to freedom of religion.  "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).   "This is not a demanding standard."  *Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988).  As we explained in *Reed*, if "the regulation limiting the length of male inmates' hair strikes a reasonable balance between the interest in religious liberty and the needs of prison safety and security, he must lose on his free exercise claim."  *Id.* at 962.

*Williams*, 150 Fed.Appx. at 552.

Listing the appropriate defendants for this claim involves a determination of who is responsible for the "prison's policy regarding dreadlocks."  In the amended complaint, Plaintiff set

forth eight separate claims for relief.  Four of those claims alleged that Plaintiff was denied certain

rights or privileges, due specifically to his refusal to remove his dreadlocks:  Count 2, against

Clovis, Maue, and Spiller, for lack of access to showers; Count 3, against Welborn, Gayles, Maue,

Spiller, and Wilson, for lack of access to the yard; Count 4, against Welborn, Grubman, Maue,

Spiller, and Garret, for denial of access to medical treatment; Count 5, against Welborn, Gayles,

Biggs, Wilson, Mitchell, Maue, and Spiller, for lack of access to disciplinary hearings.

Therefore, the Court determines that Biggs, Clovis, Garret, Gayles, Grubman, Maue,

Mitchell, Spiller, Welborn, and Wilson are the relevant Defendants for this claim.

### ADMINISTRATORS' LIABILITY

> Williams's third significant argument on appeal is that his complaint
> alleges sufficient personal involvement on the part of the IDOC
> administrators.  An official will satisfy the personal-involvement
> requirement of § 1983 if he deliberately disregards the plaintiff's
> constitutional rights.  *See Fillmore v. Page*, 358 F.3d 496, 506 (7th
> Cir. 2004).  And we have specifically held that " '[A] prison official's
> knowledge of prison conditions learned from an inmate's
> communication can … require the officer to exercise his authority
> and to take the needed action to investigate, and if necessary, to
> rectify the offending condition.'"  *Reed v. McBride*, 178 F.3d 849,
> 854 (7th Cir. 1999) (*quoting Vance v. Peters*, 97 F.3d 987, 993 (7th
> Cir. 1996)).  The district court suggests that this claim "constitutes,
> at best, a claim of negligence," but here Williams stated an actionable
> claim by alleging that he informed the administrators of the violations
> of his rights, and that they failed to take appropriate action.

*Williams*, 150 Fed.Appx. at 552.

In the amended complaint, Plaintiff alleges that Snyder, Clark, Roger Cowan, Knop, Walls,

Lambert, Frenzel, Maue, Spiller, and Grubman were liable due to their failure to end the racial,

religious, and cultural discrimination at Menard.  Accordingly, these individuals are the relevant

Defendants for this claim.

**OTHER DEFENDANTS**

In addition to the 21 individuals already mentioned, Plaintiff names 15 other people as Defendants in his amended complaint.  When the case was reopened, the Clerk could not distinguish which Defendants should be reinstated; consequently, the action was reinstated as to all named Defendants.  However, only Defendants specifically mentioned above in connection with one of the three surviving claims will be required to respond in this action.  All other Defendants are associated only with claims that previously were dismissed by the Court, and that dismissal has been affirmed.  Accordingly, Defendants Brown, Carter, Capt. Cowan, Dunn, Ford, Gross, Hennrich, Korando, Lashbrook, Love, Parnell, Radmacher, Tucker, Wine, and Wright shall again be dismissed from this action.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants **BROWN, CARTER, CAPT. COWAN, DUNN, FORD, GROSS, HENNRICH, KORANDO, LASHBROOK, LOVE, PARNELL, RADMACHER, TUCKER, WINE,** and **WRIGHT** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **BIGGS, CLARK, CLOVIS, ROGER COWAN, FRENZEL, GARRET, GAYLES, GRUBMAN, JINES, KNOP, LAMBERT, MAUE, MEYERS, MITCHELL, PICKERING, SNYDER, SPILLER, SUMMERS, WALLS, WELBORN,** and **WILSON** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **21 (twenty-one)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a Defendant until**

**Plaintiff submits a properly completed USM-285 form for that Defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BIGGS, CLARK, CLOVIS, ROGER COWAN, FRENZEL, GARRET, GAYLES, GRUBMAN, JINES, KNOP, LAMBERT, MAUE, MEYERS, MITCHELL, PICKERING, SNYDER, SPILLER, SUMMERS, WALLS, WELBORN,** and **WILSON**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the amended complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BIGGS, CLARK, CLOVIS, ROGER COWAN, FRENZEL, GARRET, GAYLES, GRUBMAN, JINES, KNOP, LAMBERT, MAUE, MEYERS, MITCHELL, PICKERING, SNYDER, SPILLER, SUMMERS, WALLS, WELBORN,** and **WILSON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the amended complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, I.D.O.C. shall furnish the Marshal with that Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon those attorneys, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 07/18/06


s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge